UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-356-TAV-HBG |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Leave to Withdraw as Counsel for Plaintiff James Ryan [Doc. 2], filed by Attorneys Robin L. Greenwald and Curt D. Marshall of Weitz & Luxenberg, P.C., and Attorneys Edward S. Ryan and Roger T. May of May & Ryan, PLC. This motion was filed August 25, 2014, and was served upon Plaintiff in a manner consistent with Local Rule 83.4.

Defendant has responded to the motion by stating that the Defendant does not object to these attorneys withdrawing as counsel for the Plaintiff. [Doc. 3]. However, the Defendant suggests that Weitz & Luxenberg be required to produce certain discovery materials that are in its possession to avoid duplication of discovery later.

Ms. Greenwald and Mr. Marshall have not responded in opposition to the Defendant's proposals on behalf of Weitz & Luxenberg, and their time for doing so has expired, see E.D. Tenn. L.R. 7.1. Mr. Marshall has represented to the Court that Weitz & Luxenberg does not oppose providing Plaintiff with a copy of the materials Weitz & Luxenberg has in its possession.

The Court finds that the Motion for Leave to Withdraw as Counsel for Plaintiff James Ryan [Doc. 2] complies with Local Rule 83.4, and therefore, it is well-taken. Additionally, the Court finds that the Defendant's suggestion that counsel provide a copy of the discovery in this case to Plaintiff is well-taken. Accordingly, it is **ORDERED**:

1. The Motion for Leave to Withdraw as Counsel for Plaintiff James Ryan **[Doc. 2]** is **GRANTED**;

2. To the extent these materials are in its possession, Weitz & Luxenberg is **ORDERED** to produce to Plaintiff a copy of:

    a. All pleadings, motions, and orders, and all discovery, depositions, and hearing transcripts in Auchard v. TVA, No. 3:09-CV-54 relating to Plaintiff's claims,

    b. All transcripts and exhibits from the consolidated Phase I Trial, and

    c. All written and electronic communications between Weitz & Luxenberg and Plaintiff.

3. Upon completing this production, Attorneys Robin L. Greenwald and Curt D. Marshall of Weitz & Luxenberg, P.C., and Attorneys Edward S. Ryan and Roger T. May of May & Ryan, PLC are **RELIEVED** of their duties as counsel in this case;

4. The Clerk of Court is **DIRECTED** to designate Plaintiff as proceeding *pro se* in this case, until such time as counsel may appear on his behalf, and to enter the contact information provided in the pending motion [Doc. 2 at 3];

5. The Clerk of Court is also **DIRECTED** to mail Plaintiff a copy of this Memorandum and Order; and

6. Finally, Plaintiff is **ADMONISHED** that he is deemed to be proceeding *pro se*. Until he obtains substitute counsel, it is Plaintiff's obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if the Plaintiff elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court. Further, Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. Failure to comply may result in dismissal of Plaintiff's case pursuant to Rule 37 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge